# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL ADVOCATES**, a non-profit organization, | |
| **Plaintiff,** | |
| v. | |
| **UNITED STATES NATIONAL MARINE FISHERIES SERVICE**, | **Case No. 3:21-cv-01591-HZ** |
| **BARRY THOM**, in his official capacity as NMFS Regional Administrator for the West Coast Region, | **JOINT MOTION TO EXTEND STAY** |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**, and | |
| **MICHAEL REGAN**, in his official capacity as EPA Administrator, | |
| **Defendants.** | |

**JOINT MOTION TO EXTEND STAY**

### Motion

Plaintiff Northwest Environmental Advocates ("NWEA") and Defendants United States National Marine Fisheries Service ("NMFS"), Barry Thom, in his official capacity, United States Environmental Protection Agency ("EPA"), and Michael Regan, in his official capacity (collectively "Defendants", and together with NWEA, the "Parties"), respectfully move the Court for an Order extending the current stay of this case, established by this Court's March 1, 2022 Order, ECF No. 12, and extended by the Court's June 7, 2022 Order, ECF No. 17, until and including October 24, 2022.

In accordance with Local Rule 7-1, the Parties certify that they conferred prior to filing this motion.

### Memorandum in Support of Motion

On November 2, 2021, NWEA filed the above-captioned lawsuit against NMFS and Barry Thom, in his official capacity as NMFS Regional Administrator, alleging that NMFS issued a biological opinion that failed to prevent jeopardy to imperiled salmonids in Oregon rivers and was otherwise arbitrary, capricious, and contrary to the Endangered Species Act. ECF No. 1. On January 31, 2022, NWEA filed its First Amended Complaint, adding as Defendants EPA and Michael Regan, in his official capacity as EPA Administrator, alleging that EPA has failed to prevent jeopardy to imperiled species and failed to re-initiate consultation, both in violation of the Endangered Species Act. ECF No. 6.

On February 23, 2022, the Parties filed a Joint Motion to Extend Initial Litigation Deadlines, ECF. No. 11, requesting a 120-day stay of proceedings until June 23, 2022, so that the Parties could explore the possibility of resolving the matter through a negotiated settlement. The Court granted that stay on March 1, 2022, and ordered the Parties to file monthly joint status

**JOINT MOTION TO EXTEND STAY**                                    Page 1 of 2

reports beginning April 1, 2022, and to file either a joint proposed schedule or a motion for extension of the stay on or before June 23, 2022. ECF No. 12. The Parties filed the first Joint Status Report on April 1, 2022, ECF No. 13, the second Joint Status Report on May 2, 2022, ECF No. 14, and the third Joint Status Report on June 1, 2022, ECF No. 15. On June 1, 2022, the Parties also filed a Joint Motion to Extend Stay through July 25, 2022, ECF No. 16, which the Court adopted in its June 7, 2022, Order, ECF No. 17.

Settlement discussions are ongoing, and at this time the Parties believe that further discussions may be fruitful. Due to a confluence of factors, including the coordination of schedules among the various key individuals involved on both sides of this case, the Parties need additional time to continue these discussions. The Parties therefore jointly request an extension of the existing stay to and including October 24, 2022.

There is good cause to grant this motion. Extending the stay will allow the Parties additional time to explore the possibility of a negotiated settlement, before engaging in active litigation that may not be necessary and may impair their efforts to explore settlement. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (district courts have inherent discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Thus, the relief requested in this motion may preserve the resources of the Court as well as of the Parties.

This request is not filed for the purpose of delay, and no party will be prejudiced by the granting of this motion.

Wherefore, the Parties respectfully request that this Court issue an order extending the current stay by 90-days and requiring the Parties to continue to submit monthly joint status

**JOINT MOTION TO EXTEND STAY**                                    Page 2 of 3

reports until the stay has expired on October 24, 2022. Further, on or before October 24, 2022,

the Parties will either request an extension of the stay or file a motion to govern.


Respectfully submitted on this 25 day of July, 2022.

s/*Allison LaPlante*
ALLISON LAPLANTE
BRIDGETT BUSS
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6894, laplante@lclark.edu
(503) 768-6825, bridgettbuss@lclark.edu

*Attorneys for Plaintiff Northwest
Environmental Advocates*

s/ *Briena L. Strippoli*
BRIENA L. STRIPPOLI
U.S. Department of Justice
Environment & Natural Resources
Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 305-0339
briena.strippoli@usdoj.gov

*Attorney for Defendants*

**JOINT MOTION TO EXTEND STAY**                                    Page 3 of 3