ALLISON LAPLANTE, OSB No. 023614
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6894
laplante@lclark.edu

BRYAN TELEGIN, OSB No. 105253
Telegin Law
175 Parfitt Ave SW, Suite N270
Bainbridge Island, WA 98110
(206) 453-2884, Ext. 101
bryan@teleginlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit organization, | Case No. 3:21-cv-01591-HZ |
| Plaintiff, | |
| v. | **PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| UNITED STATES NATIONAL MARINE FISHERIES SERVICE, a United States Government Agency, JENNIFER QUAN, in her official capacity as NMFS Regional Administrator for the West Coast Region, THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency, and MICHAEL REGAN, in his official capacity as EPA Administrator, | (Pursuant to Fed. R. Civ. P. 15) |
| Defendants. | |

**CERTIFICATION**

Pursuant to Local Rule 7-1, undersigned counsel certifies that the Parties conferred prior to filing this motion, and that this motion is unopposed.

**MOTION**

Plaintiff Northwest Environmental Advocates ("NWEA") respectfully moves this Court to grant leave to amend its complaint so that NWEA can drop its third claim and the two requests for relief connected to that claim. This motion is unopposed by Defendants United States National Marine Fisheries Service ("NMFS"), Jennifer Quan, in her official capacity, United States Environmental Protection Agency ("EPA"), and Michael Regan, in his official capacity (collectively, "Defendants," and together with NWEA, "the Parties").

**INTRODUCTION**

Despite the Parties' good faith efforts over the last year and a half to reach a settlement agreement while this case was stayed, the Parties decided to end settlement negotiations and requested that the Court lift the stay. *See* ECF Nos. 37, 40. As the Parties now proceed to litigation, NWEA respectfully moves this Court for leave to amend its First Amended Complaint.

This case concerns threatened and endangered species of salmon and steelhead that are biologically dependent on cool water, and are in peril because Oregon's rivers are too warm. EPA proposed to approve Oregon's temperature water quality standards, which, *inter alia*, establish a 20°C numeric criterion for salmonid migration corridors—a temperature known to jeopardize these imperiled species—as modified by a narrative criterion requiring that "cold water refugia" be available so the fish can escape from warmer river segments. NMFS has attributed adverse effects on threatened and endangered salmonids to increased temperatures,

such as increased juvenile mortality, increased susceptibility and exposure to diseases, impaired ability to avoid predators, and changes in fish community structure that favor salmonid competitors. EPA, *EPA Region 10 Guidance for Pacific Northwest State and Tribal Temperature Water Quality Standards* (April 2003) at 7.

Plaintiffs' First Amended Complaint alleged three claims: (1) that NMFS's issuance of the 2015 Biological Opinion and accompanying Reasonable and Prudent Alternative ("RPA") regarding the migration criterion was arbitrary, capricious, or otherwise not in accordance with the law under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A); (2) because EPA relied on an insufficient RPA that does not prevent the 20°C temperature criterion from causing jeopardy to the imperiled species, EPA failed to fulfill its independent obligation to ensure that no jeopardy, destruction, or adverse modification to critical habitat of threatened and endangered species occurs under section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2); and (3) that EPA failed to reinitiate ESA consultation, as required by ESA section 7(a)(2) and 50 C.F.R. § 402.16, when reinitiation was triggered by subsequent actions.

NWEA now moves for leave to amend the complaint to drop its third claim and the two requests for relief connected with the third claim: (1) a declaration that EPA failed to reinitiate ESA consultation, as required by ESA section 7(a)(2) and 50 C.F.R. § 402.16; and (2) an order directing EPA to reinitiate ESA consultation with NMFS under 50 C.F.R. § 402.16. Upon reevaluating its claims, NWEA has decided not to pursue the third claim because it intends to narrow the scope of the case, streamline the arguments, and promote congruity. This motion for leave is unopposed by Defendants.

## PROCEDURAL BACKGROUND

NWEA filed its original complaint in this matter on November 2, 2021, pleading a claim against NMFS and challenging NMFS's Biological Opinion and RPA. ECF No. 1. On November 16, 2021, NWEA provided Defendants with a 60-day notice letter (*see* ECF No. 6, Ex. 1) outlining Plaintiff's intent to sue EPA, as required by ESA section 11(g)(2)(A)(i), 16 U.S.C. § 1540(g)(2)(A)(i). NWEA then amended its complaint on January 24, 2022 (*see* ECF No. 6), to add EPA as a defendant and plead the claims that were the subject of the 60-day notice letter. NWEA was allowed to do so as a matter of course, as Defendants had not yet filed a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A), (2) ("A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading."). On March 1, 2022, the Parties agreed to stay the case to initiate settlement negotiations (*see* ECF No. 12), and this stay was extended several times (*see* ECF Nos. 17, 20, 26, 29, 32, 35) to provide the Parties the opportunity to settle the case. On August 8, 2023, this Court lifted the stay at the Parties' request, after the Parties concluded that additional settlement negotiations would likely not prove fruitful. *See* ECF No. 42.

## ARGUMENT

### I.      Legal Standard for Amendment

Federal Rule of Civil Procedure 15(a)(2) permits a party "to amend its pleading only with the opposing party's written consent or the court's leave." A court ought to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and this principle should "be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (any "leave sought . . . should be freely given").

To determine whether leave to amend ought to be granted, courts consider four factors: (1) prejudice to the opposing party; (2) undue delay; (3) futility of amendment; and (4) bad faith or dilatory motive on the movant's behalf. *Id*; *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original). In fact, "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [leave to amend]." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

## II.      The Court Should Grant Plaintiff Leave to Amend

Here, justice requires granting leave to amend. NWEA primarily seeks leave to amend in order to drop third claim, which alleges that EPA violated ESA section 7(a)(2) by failing to reinitiate ESA consultation, and the relief requested in connection with that claim—a declaration that EPA failed to reinitiate ESA consultation as required by ESA section 7(a)(2) and 50 C.F.R. § 402.16, and an order directing EPA to reinitiate ESA consultation per 50 C.F.R. § 402.16. None of the *Foman* factors indicates that leave should be denied here. First, Defendants cannot establish prejudice because Defendants only benefit from having one less claim to argue against. Second, this motion is not the result of undue delay because NWEA is making a timely motion to streamline its lawsuit after attempting to negotiate a settlement over the last year and a half while the case was stayed. Third, amending the complaint is not futile because the amended complaint will result in valid claims. Fourth, NWEA is not acting in bad faith in seeking to amend its complaint, as NWEA simply wishes to narrow the scope of this case.

### A. Defendants will not suffer any prejudice.

Of the *Foman* factors, prejudice to the opposing party is given the greatest weight. *Eminence*, 316 F.3d at 1052. Prejudice can be established where a party advances different legal theories that require proof of different facts, including where there is a need to reopen discovery and further delay proceedings. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Morongo,* 893 F.2d at 1079 (denying leave to amend on grounds of prejudice and bad faith where the plaintiff introduced a new legal theory well into the litigation). Prejudice is not established where litigation expenses are incurred before a motion to amend is filed as long as bad faith did not motivate the filing delay. *Owens*, 244 F.3d at 712.

Here, Defendants will not be prejudiced by NWEA's motion for leave to drop its claim because "defendants usually do not want to be accused of [violations of law]." *Mansu v. Kennedy*, No. CIV 08-2012WBSDAD, 2008 WL 5411938, at *2 (E.D. Cal. Dec. 24, 2008). NWEA does not seek to add a new claim that will require different proof, reopen discovery, or further delay the case. Rather, NWEA is promoting congruity between its two remaining claims by dropping its third claim and the two related requests for relief.

### B. Plaintiff has not caused undue delay.

In evaluating undue delay, courts inquire into whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order, and "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *AmerisourceBergen*, 465 F.3d at 953. However, delay alone is insufficient to justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Howey*,

481 F.2d at 1191 (same); 3 Moore's Federal Practice, § 15.08, 0.835 (same); *see also United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (finding that the district court abused its discretion by denying leave to amend solely based on undue delay); *Hampton v. Steen*, No. 2:12-CV-00470-AA, 2017 WL 11573592, at \*4 (D. Or. Nov. 13, 2017) ("Indeed, that a case is simply long-lived or slow-moving, due to no fault of plaintiffs, cannot be held against them.").

NWEA's motion for leave to amend its complaint does not create undue delay because the case has been stayed for the last year and a half pending extensive and good-faith settlement negotiations, and amending this complaint is necessary for the Parties to reinitiate further proceedings. Further, Defendants have not yet answered NWEA's First Amended Complaint, and aside from one status conference with the Court, no other proceedings have occurred in this case. Like *Mansu*, 2008 WL 5411938, at \*2, where a plaintiff did not cause undue delay by filing a motion for leave to amend its complaint to drop a claim, here, NWEA is not creating any undue delay by seeking leave. Further, even if this Court found that this motion unduly delayed proceedings, that finding, standing alone, would be insufficient to warrant a denial of this motion.

### C. Plaintiff's Second Amended Complaint is not futile, and Plaintiff has not acted in bad faith.

NWEA's proposed amendment is not futile and NWEA has not acted in bad faith by requesting leave to amend. First, a proposed amendment is futile where "no set of facts" can prove that the amendment would constitute a valid and sufficient claim. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d

209, 214 (9th Cir. 1988)).[1] A proposed amendment is also futile where it is "either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). The party opposing the amended complaint has the burden of demonstrating futility. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Here, NWEA's proposed amendment is not futile because the amended complaint will simply drop the third claim and the requests for relief associated with that claim[2], and the remaining two claims are valid and sufficient. Moreover, the amended complaint brings forth no new duplicative or frivolous claims that would render this amendment futile.

Second, if a party acts in bad faith or has a dilatory motive behind filing a motion for leave to amend, a court can deny the motion. *Lockheed Martin Corp.*, 194 F.3d at 986; *Foman*, 371 U.S. at 182. NWEA is not acting in bad faith by amending its complaint; rather it simply wishes to narrow the scope of its lawsuit, add clarity to the requested relief, and make other minor changes such that this case can move forward in a more efficient and focused way.

**CONCLUSION**

For the foregoing reasons, justice requires that leave to amend be granted given that all *Foman* factors have been met: Defendants are not prejudiced by the amendment, there was no

---

[1] *Miller* could be seen as overruled by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which rejected the "no set of facts" test for motions to dismiss for failure to state a claim; however, the Ninth Circuit has continued to apply the "no set of facts" test to motions for leave to amend. *See, e.g.*, *Missouri ex rel. Koster*, 847 F.3d at 656; *Torch v. Windsor Surry Co.,* No. 3:17-CV-00918-AA, 2017 WL 4833438, at *2, n.1 (D. Or. Oct. 24, 2017).

[2] Note that, in addition to dropping the third claim and associated prayer for relief, NWEA also proposes to make very minor edits to the background section of the complaint, and to further specify the prayer for relief with respect to its second claim for relief. All changes are shown in the red-lined version of the complaint filed herewith.

undue delay, the amendment is not futile, and NWEA is not acting in bad faith by moving to amend.

Dated this 25th day of August, 2023.

Respectfully submitted,

s/Allison LaPlante
ALLISON LAPLANTE, OSB No. 023614
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6894
laplante@lclark.edu

BRYAN TELEGIN, OSB No. 105253
Telegin Law
175 Parfitt Ave SW, Suite N270
Bainbridge Island, WA 98110
(206) 453-2884, Ext. 101
bryan@teleginlaw.com

*Attorneys for Plaintiff Northwest Environmental Advocates*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2235 words, including headings, footnotes, and quotations, but excluding the caption, signature block, and any certificates of counsel.

s/Allison LaPlante
ALLISON LAPLANTE
Earthrise Law Center