**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit organization, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES NATIONAL MARINE FISHERIES SERVICE, a United States Government Agency, JENNIFER QUAN, in her official capacity as NMFS Regional Administrator for the West Coast Region, THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency, and MICHAEL REGAN, in his official capacity as EPA Administrator, <br><br> Defendants. | Case No. 3:21-cv-01591-HZ <br><br> **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

The United States National Marine Fisheries Service ("NMFS"), Jennifer Quan, in her official capacity as NMFS Regional Administrator for the West Coast Region, United States Environmental Protection Agency ("EPA"), and Michael Regan, in his official capacity as EPA Administrator (collectively, "Defendants") hereby respond to the Second Amended Complaint for Declaratory and Injunctive Relief filed by Plaintiff Northwest Environmental Advocates on August 25, 2023 (ECF No. 45). Defendants' specific responses are numbered to correspond to the Paragraphs in Plaintiff's Second Amended Complaint.

**INTRODUCTION**

1. The allegations in Paragraph 1 purport to characterize Plaintiff's action to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

Further, to the extent that Paragraph 1's allegations purport to characterize the Administrative Procedure Act ("APA"), and the Endangered Species Act ("ESA"), these statutes speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of these statutes.

2.    Paragraph 2's first sentence is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.  Defendants deny Paragraph 2's remaining allegations as vague and ambiguous.

3.    Paragraph 3's allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Further, Paragraph 3's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

4.    Paragraph 4's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion. Further, the allegations in Paragraph 4's second sentence are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

5.    Paragraph 5's allegations purport to characterize the ESA provision 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA provision 16 U.S.C. § 1536(a)(2).  Further, the allegations in Paragraph 5's second sentence are legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations.

6.      The allegations in Paragraph 6 purport to characterize Plaintiff's action to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.

7.      The allegations in Paragraph 7 purport to characterize Plaintiff's action to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.

8.      The allegations in Paragraph 8 purport to characterize Plaintiff's action to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

9.      Plaintiff's allegations regarding jurisdiction in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

10.      Paragraph 10's first sentence purports to characterize the ESA and Plaintiff's November 16, 2021 letter, the statute and letter speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and context of the ESA and the letter.  As to the first sentence in Paragraph 10, Defendants admit that the letter was received more than 60-days before the filing of the original complaint.  As to the third sentence in Paragraph 10, the allegation is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation.

11.      The allegations in Paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, the law regarding venue speaks for itself and is the best evidence of its content.

12.      Paragraph 12's allegations purport to characterize Local Rule 3-2(b), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations

inconsistent with the plain language, meaning, and context of Local Rule 3-2(b).  Further, the allegations in Paragraph 12 are legal conclusions to which no response is required.

**PARTIES**

13.    Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 13's allegations, and, on that basis, deny the allegations.

14.    Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 14's allegations, and, on that basis, deny the allegations.

15.    Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 15's allegations pertaining to Plaintiff's members, and, on that basis, deny the allegations.  Further, the allegations in Paragraph 15 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

16.    Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 16's allegations pertaining to Plaintiff's members, and, on that basis, deny the allegations.  Further, the allegations in Paragraph 16 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

17.    Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 17's allegations pertaining to Plaintiff's members, and, on that basis, deny the allegations.  Further, the allegations in Paragraph 17 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18.    Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 18's allegations pertaining to Plaintiff's members, and, on that basis, deny the allegations.  Further, the allegations in Paragraph 18 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

19.	The allegations in Paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20.	Defendants admit the first, second, third, fourth, and six sentences of Paragraph 20.  Paragraph 20's fifth sentence purports to characterize the ESA, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

## LEGAL BACKGROUND

### The Clean Water Act and Water Quality Standards

21.	Paragraph 21's allegations purport to characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the CWA.

22.	Paragraph 22's allegations purport to characterize the CWA and its implementing regulations, which speaks for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the CWA and its implementing regulations.

23.	Paragraph 23's allegations purport to characterize the CWA and its implementing regulations, which speaks for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the CWA and its implementing regulations.

24.	Paragraph 24's allegations purport to characterize the CWA and its implementing regulations, which speaks for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the CWA and its implementing regulations.

25.      Paragraph 25's allegations purport to characterize the CWA and its implementing regulations, which speaks for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the CWA and its implementing regulations.

26.      Paragraph 26's allegations purport to characterize the CWA and its implementing regulations, which speaks for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the CWA and its implementing regulations.

### The Endangered Species Act

27.      Paragraph 27's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

28.      Paragraph 28's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

29.      Paragraph 29's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

30.      Paragraph 30's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

31.      Paragraph 31's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants

deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

32.     Paragraph 32's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

33.     Paragraph 33's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

34.     Paragraph 34's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

35.     Paragraph 35's allegations purport to characterize the *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011) and 51 Fed. Reg. 19,926, 19,949 (June 3, 1986)), which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of *Kraayenbrink* and the Federal Register.

36.     Paragraph 36's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

37.     Paragraph 37's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

38.     Paragraph 38's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

39.     Paragraph 39's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

40.     Paragraph 40's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

41.     Paragraph 41's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

42.     Paragraph 42's allegations purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and its implementing regulations.

43. Paragraph 43's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

**Judicial Review Under the APA**

44. Paragraph 44's allegations purport to characterize the APA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

45. Paragraph 45's allegations purport to characterize the APA and *Bennett v. Spear*, 520 U.S. 154 (1997), which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA and *Bennett*.

46. Paragraph 46's allegations purport to characterize the APA, ESA, and *Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028 (9th Cir. 2001), which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA, ESA, and *Pac. Coast Fed'n of Fishermen's Ass'n, Inc*.

**FACTUAL BACKGROUND**

47. Paragraph 47's first sentence purports to characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA. Paragraph 47's second sentence purports to characterize *EPA Region 10 Guidance for Pacific Northwest State and Tribal Temperature Water Quality Standards* (April 2003) ("2003 Guidance"), which speaks for itself and is the best

evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2003 Guidance.

48.      Defendants deny the allegations in Paragraph 48's first sentence as vague and ambiguous.  Paragraph 48 also purports to characterize Oregon Department of Environmental Quality's ("DEQ") *Fact Sheet: 2018/2020 Integrated Report* and a July 22, 2016 letter from EPA Region 10 to Washington Ecology, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Fact Sheet and letter.

49.      Paragraph 49 purports to characterize the 2003 Guidance, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2003 Guidance.

50.      Paragraph 50 purports to characterize the 2003 Guidance, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2003 Guidance.

51.      Defendants deny the allegations in Paragraph 51's first sentence as vague and ambiguous.  Defendants admit the allegations in Paragraph 51's second sentence.

52.      Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations in Paragraph 52's first and second sentences, and, on that basis, deny the allegations.  To the extent that Paragraph 52 purports to characterize the 1992 and 1994 Triennial Review of water quality standards, they speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 1992 and 1994 Triennial Review of water quality standards.  NMFS admits the allegations in Paragraph 52's third sentence.

53.     The allegations in Paragraph 53 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  To the extent that Paragraph 53 purports to characterize NMFS's July 1999 Biological Opinion, Oregon's water quality standards revision sent to EPA on July 26, 1996, EPA's July 22, 1999 disapproval determination, or the CWA, they speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of NMFS's July 1999 Biological Opinion, Oregon's water quality standards revision sent to EPA on July 26, 1996, EPA's July 22, 1999 disapproval determination, or the CWA.

54.      Paragraph 54's allegations purport to characterize *Nw. Envt'l Advocates v. United States EPA (NWEA I)*, 268 F. Supp. 2d 1255 (D. Or. 2003), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA I*.

55.     Paragraph 55's allegations purport to characterize *Nw. Envt'l Advocates v. United States EPA (NWEA I)*, 268 F. Supp. 2d 1255 (D. Or. 2003), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA I*.  Defendants also deny the allegations in Paragraph 55's second sentence as vague and ambiguous.

56.     Paragraph 56's allegations purport to characterize *Nw. Envt'l Advocates v. United States EPA (NWEA I)*, 268 F. Supp. 2d 1255 (D. Or. 2003), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA I*.

57.     Paragraph 57's allegations purport to characterize the 2003 Guidance, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations

11

inconsistent with the plain language, meaning, and context of the 2003 Guidance.

58. Paragraph 58's allegations purport to characterize the 2003 Guidance, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2003 Guidance.

59. The allegations in Paragraph 59's first, second, and third sentences purport to characterize Oregon's revised temperature standards and associated documentation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of Oregon's revised temperature standards and associated documentation. The allegations in Paragraph 59's fourth, fifth, and sixth sentences purport to characterize Oregon's December 10, 2003 submission of water quality standards to EPA, NMFS's 2004 Biological Opinion, and EPA's March 2, 2004 approval determination, respectively, which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of Oregon's December 10, 2003 submission of water quality standards to EPA, NMFS's 2004 Biological Opinion, and EPA's March 2, 2004 approval determination.

60. Paragraph 60's allegations purport to characterize *Nw. Envt'l Advocates v. United States EPA (NWEA II)*, 855 F. Supp. 2d 1199 (D. Or. 2012), which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA II*.

61. Paragraph 61's allegations purport to characterize *Nw. Envt'l Advocates v. United States EPA (NWEA II)*, 855 F. Supp. 2d 1199 (D. Or. 2012), which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA II*.

62.     Paragraph 62's allegations purport to characterize the Stipulated Order on Narrative Water Quality Criteria and Antidegradation Internal Management Directive, *Nw. Envt'l Advocates v. United States EPA*, 3:05-cv-01876-AC (April 10, 2013), ECF No. 370, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of this April 2013 Stipulated Order.

63.     Paragraph 63's allegations purport to characterize *NWEA II*, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA II*.

64.     Paragraph 64's allegations purport to characterize *NWEA II* and the Stipulated Order on Nonpoint Source and Endangered Species Act Remedies, *Nw. Envt'l Advocates v. United States EPA*, 3:05-cv-01876-AC (January 7, 2013), ECF No. 351, which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA II* and this January 2013 Stipulated Order.

65.     Paragraph 65's allegations purport to characterize EPA Region 10's August 2013 letter to Oregon DEQ, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of this August 2013 letter.

66.     Paragraph 66's allegations purport to characterize the complaint filed in *Nw. Envt'l Advocates v. United States EPA*, 3:12-cv-01751-HZ (September 27, 2012), ECF No. 1, which is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of this complaint.

67.     Paragraph 67's allegations purport to characterize *Nw. Envt'l Advocates v. United*

13

*States EPA (NWEA III)*, 3:12-cv-01751-HZ, 2017 WL 1370713 (D. Or. Apr. 11, 2017); 2018 WL 6524161 (D. Or. Dec. 12, 2018); and a June 11, 2019 Order, ECF No. 200, which speaks for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA III*, 2018 WL 6524161 (D. Or. Dec. 12, 2018), and ECF No. 200 (June 11, 2019 Order).

68.    Paragraph 68's allegations purport to characterize *Nw. Envt'l Advocates v. United States EPA (NWEA III)*, 3:12-cv-01751-HZ, ECF No. 224 (October 19, 2020), which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of *NWEA III*, ECF No. 224.

69.    Paragraph 69's allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, Defendants lack sufficient knowledge or information to form a basis as to the truth of allegations in Paragraph 69, and, on that basis, deny the allegations. To the extent that Paragraph 69's allegations purport to characterize the Coastal Zone Act Reauthorization Amendments ("CZARA"), it speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of CZARA.

70.    Paragraph 70's allegations purport to characterize a Final Settlement Agreement in *Nw. Envt'l Advocates v. Locke*, No. 09-cv-0017-PK (D. Or. Sept. 27, 2010), which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of this Settlement Agreement.

71.    Paragraph 71's allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, Paragraph 71 purports to characterize a July 2013 letter from Oregon DEQ and Department of

Land Conservation and Development to EPA and NOAA, a January 30, 2015 EPA and NOAA decision regarding Oregon's Coastal Nonpoint Source Pollution Control Program, and a March 9, 2016 letter from EPA and NOAA to Oregon, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the July 2013 letter, January 30, 2015 decision, and March 9, 2016 letter. With regard to the allegations in Paragraph 71's last sentence, Defendants admit that NOAA and EPA have withheld $10,973,940 in federal grant funds from the State of Oregon since 2016, but deny the remaining allegations.

72. Paragraph 72's allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Further, Paragraph 72 purports to characterize a December 2021 Memorandum of Understanding ("MOU") between Oregon DEQ and Department of Forestry, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the December 2021 MOU.  Defendants lack sufficient knowledge or information to form a basis as to the truth of Paragraph 72's third sentence's allegations, and, on that basis, deny the allegations.

73. Defendants deny the allegations in Paragraph 73's first sentence as vague and ambiguous.  Paragraph 73's second and third sentences purport to characterize draft temperature Total Maximum Daily Load (TMDLs) for the Columbia and Snake Rivers and *Columbia Riverkeeper v. Pruitt*, 2:17-cv-00289-RSM (February 23, 2017), which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the draft temperature TMDLs for the Columbia and Snake Rivers and *Columbia Riverkeeper v. Pruitt*, 2:17-cv-00289-RSM (February 23, 2017).

74.    Paragraph 74's allegations purport to characterize the complaint in *Columbia Riverkeeper v. Pruitt*, 2:17-cv-00289-RSM (February 23, 2017) and EPA's August 13, 2020 Columbia and Snake Rivers Temperature TMDLs, which speak for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the complaint or TMDLs.

75.    Paragraph 75's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

76.    Paragraph 76's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

77.    Paragraph 77's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

78.    Paragraph 78's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

79.    Paragraph 79's allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

80.    Paragraph 80's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

81.    Defendants admit the allegations in the first and second sentences in Paragraph

16

31. Paragraph 81's remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

82. Paragraph 82's allegations purport to characterize the 2015 Biological Opinion and a December 2020 letter from NMFS to EPA, which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion and the December 2020 letter.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

83. Paragraph 83's allegations purport to characterize Plaintiff's action to which no response is required. Defendants incorporate herein by reference the responses to each of the allegations contained in Paragraphs 1 through 82.

84. Paragraph 84's allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, Paragraph 84's allegations purport to characterize the ESA and the 2015 Biological Opinion, which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and the 2015 Biological Opinion.

85. Paragraph 85's allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. Paragraph 86's allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

87. Paragraph 87's allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**SECOND CLAIM FOR RELIEF**

88.     Paragraph 88's allegations purport to characterize Plaintiff's action to which no response is required.  Defendants incorporate herein by reference the responses to each of the allegations contained in Paragraphs 1 through 87.

89.     Paragraph 89's allegations purport to characterize the ESA provision 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

90.     Paragraph 90's allegations purport to characterize the 2015 Biological Opinion, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

91.     Paragraph 91's allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Further, Paragraph 91's allegations purport to characterize the 2015 Biological Opinion and the ESA provision 16 U.S.C. § 1536(a)(2), which speaks for themselves and are the best evidence of their content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion and the ESA.

92.     Paragraph 92's allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  To the extent that Paragraph 92's allegations purport to characterize the 2015 Biological Opinion, it speaks for itself and is the best evidence of its content.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 Biological Opinion.

93.     Paragraph 93's allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18

## PRAYER FOR RELIEF

The remainder of the Second Amended Complaint constitutes Plaintiff's Request for Relief for which no response is required.  To the extent a response may be required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff has failed to state a claim on which relief can be granted, any such claims should be dismissed.

2. To the extent that Plaintiff's claims are barred by a statute of limitations, any such claims should be dismissed.

3. To the extent that the Court lacks jurisdiction over some or all of Plaintiff's claims, any such claims should be dismissed.

4. To the extent that Plaintiff lacks standing to raise some or all of their claims, any such claims should be dismissed.

5. To the extent that some or all of Plaintiff's claims are moot or not ripe for adjudication, any such claims should be dismissed.

6. To the extent that some or all of Plaintiff's claims are partially or completely barred by laches, collateral estoppel and/or res judicata, equitable estoppel, or similar equitable doctrines, any such claims should be dismissed.

Dated:   October 20, 2023

Respectfully submitted,

TODD KIM,
Assistant Attorney General
S. JAY GOVINDAN, Section Chief
BRIDGET KENNEDY McNEIL, Assistant
Section Chief

/s/ *Briena L. Strippoli*
BRIENA L. STRIPPOLI, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0339 (t.)
(202) 305-0275 (f.)
Briena.Strippoli@usdoj.gov