ALLISON LAPLANTE, OSB No. 023614
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6894
laplante@lclark.edu

BRYAN TELEGIN, OSB No. 105253
Telegin Law
175 Parfitt Ave SW, Suite N270
Bainbridge Island, WA 98110
(206) 453-2884, Ext. 101
bryan@teleginlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit organization, | Case No. 3:21-cv-01591-HZ |
| Plaintiff, | |
| v. | **PLAINTIFF'S UNOPPOSED MOTION TO EXTEND CASE SCHEDULE** |
| UNITED STATES NATIONAL MARINE FISHERIES SERVICE, a United States Government Agency, JENNIFER QUAN, in her official capacity as NMFS Regional Administrator for the West Coast Region, THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency, and MICHAEL REGAN, in his official capacity as EPA Administrator, | |
| Defendants. | |

**CERTIFICATION**

Pursuant to Local Rule 7-1, undersigned counsel certifies that the Parties conferred prior to filing this motion and that this motion is unopposed.

**MOTION**

Plaintiff Northwest Environmental Advocates ("NWEA") respectfully moves this Court for a three-week extension of the current case schedule. This motion is unopposed by Defendants United States National Marine Fisheries Service ("NMFS"), Jennifer Quan, in her official capacity, United States Environmental Protection Agency ("EPA"), and Michael Regan, in his official capacity (collectively, "Defendants," and together with NWEA, "the Parties").

**BACKGROUND**

This case concerns threatened and endangered species of salmon and steelhead that are biologically dependent on cold water and are in peril because Oregon's rivers are too warm. EPA approved Oregon's temperature water quality standards, which, *inter alia*, establish a 20°C numeric criterion for salmonid migration corridors (namely, the mainstem Columbia and Willamette Rivers)—a temperature known to jeopardize these imperiled species—as modified by a narrative criterion requiring that "cold water refugia" be available so the fish can escape from warmer river segments. EPA's approval was based in part on its consultation, pursuant to the Endangered Species Act, with NMFS, the expert fish and wildlife agency.

EPA and NMFS's decisions with respect to Oregon's temperature standards have been the subject of years of litigation in this Court, largely resulting in judicial findings that both agencies' actions have been inconsistent with the Clean Water Act and Endangered Species Act. *See* ECF No. 45 at 17–23 (detailing history of temperature litigation). In this current case, NWEA challenges NMFS's most recent Biological Opinion regarding the 20°C numeric

PLAINTIFF'S UNOPPOSED MOTION TO EXTEND CASE SCHEDULE

criterion and related "cold water refugia" requirement, as well as EPA's failures to protect these imperiled fish.

NWEA filed its original Complaint in this matter on November 2, 2021, pleading a claim against NMFS and challenging NMFS's Biological Opinion and "Reasonable and Prudent Alternative" to purportedly avoid jeopardy to salmonid species. ECF No. 1. On November 16, 2021, NWEA provided Defendants with a 60-day notice letter (*see* ECF No. 6, Ex. 1) outlining its intent to sue EPA, as required by ESA section 11(g)(2)(A)(i), 16 U.S.C. § 1540(g)(2)(A)(i). NWEA then amended its Complaint on January 24, 2022 (*see* ECF No. 6), to add EPA as a Defendant and plead the claims that were the subject of the 60-day notice letter.

On March 1, 2022, the Parties agreed to stay the case to initiate settlement negotiations (*see* ECF No. 12), and this stay was extended several times (*see* ECF Nos. 17, 20, 26, 29, 32, 35) to provide the Parties the opportunity to settle the case. On August 8, 2023, this Court held a status conference with the Parties and lifted the stay at the Parties' request, after the Parties informed the Court that additional settlement negotiations would likely not prove fruitful. *See* ECF No. 42. The Court also entered the Parties' agreed-upon partial case management schedule, establishing dates for NWEA to file a motion for leave to file a Second Amended Complaint, a date for Defendants to file an Answer or other responsive pleading, a date for Defendants to lodge Administrative Records, and several dates relating to the Parties' conferral and potential motions practice pertaining to the sufficiency of the Administrative Records and/or the scope of judicial review in this case. *Id*.

Per that order, on August 25, 2023, NWEA filed an unopposed motion for leave to file a Second Amended Complaint, which streamlined the case by dropping NWEA's Third Claim for Relief (against EPA). ECF No. 43. On the same day, the Court granted NWEA's motion, ECF

No. 44, and NWEA filed its Second Amended Complaint, ECF No. 45. On October 20, 2023, Defendants filed an Answer. ECF No. 47. And on November 30, 2023, Defendants filed Certified Indices for the Administrative Records (*see* ECF Nos. 48-2, 49-2), and produced the Administrative Record documents to NWEA several days later.

**ARGUMENT**

NWEA respectfully seeks a modest extension of the remaining deadlines set forth in this Court's August 8, 2023 Order (ECF No. 42). Specifically, NWEA seeks three additional weeks to complete its review of the Administrative Records and to prepare for conferral with Defendants regarding the completeness of those records and NWEA's position regarding the scope of the Court's review in this case.

This extension is necessary because NWEA's review and consideration of the record issues in this case is taking longer than expected. NWEA's review was delayed, in part, due to the fact that NWEA's staff person responsible for this case was out of the office for three weeks—a fact unknown to counsel when the Parties agreed to the timeframe for review of the Administrative Records. NWEA's record review and related decision making has also been impacted by counsel's availability and competing litigation obligations.

NWEA seeks an additional three weeks to meet the first Administrative Record deadline, which is the deadline for NWEA to provide Defendants with its position regarding the completeness of the Administrative Records and its position regarding the appropriate scope of judicial review in this case (i.e., whether NWEA believes the Court can and should look outside of the documents Defendants have provided). NWEA then proposes to extend the subsequent related deadlines accordingly. NWEA proposes the following modified schedule:

| Action | Original Deadline | Proposed New Deadline |
|---|---|---|
| NWEA notifies Defendants regarding any AR issues (scope of review and/or sufficiency) | January 12, 2024 | February 2, 2024 |
| Deadline to confer about any record issues. If no AR issues, then Parties will file a proposed schedule for summary judgment briefing | February 9, 2024 | March 1, 2024 |
| If Parties are unable to agree upon the ARs, Plaintiff to file motion(s) challenging the adequacy of the AR(s) and/or scope of review | March 8, 2024, or 90 days from the date on which Defendants lodge Administrative Records, whichever is later | March 29, 2024 |

Defendants do not oppose the proposed extension. This request is not filed for the purpose of delay, and no party will be prejudiced by the granting of this motion.

## CONCLUSION

For the foregoing reasons, NWEA respectfully requests the Court modify the schedule in this case by three weeks, as reflected above.

Dated this 12th day of January, 2024.

Respectfully submitted,

s/Allison LaPlante
ALLISON LAPLANTE, OSB No. 023614
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6894
laplante@lclark.edu

BRYAN TELEGIN, OSB No. 105253
Telegin Law
175 Parfitt Ave SW, Suite N270
Bainbridge Island, WA 98110
(206) 453-2884, Ext. 101
bryan@teleginlaw.com

*Attorneys for Plaintiff Northwest Environmental Advocates*

PLAINTIFF'S UNOPPOSED MOTION TO EXTEND CASE SCHEDULE