ALLISON LAPLANTE, OSB No. 023614
Attorney at Law
333 NE Russell St. #200
Portland, OR 97212
(503) 351-1326, allison.laplante@gmail.com

LYDIA DEXTER, OSB No. 233151
Earthrise Law Center, Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6830, lydiadexter@lclark.edu

BRYAN TELEGIN, OSB No. 105253
Telegin Law
175 Parfitt Ave., SW Suite N270
Bainbridge Island, WA 98110
(206) 453-2884, Ext. 101, bryan@teleginlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit organization, | Case No. 3:21-cv-01591-HZ |
| Plaintiff, | |
| v. | |
| UNITED STATES NATIONAL MARINE FISHERIES SERVICE, a United States Government Agency, JENNIFER QUAN, in her official capacity as NMFS Regional Administrator for the West Coast Region, THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency, and MICHAEL REGAN, in his official capacity as EPA Administrator, | **UNOPPOSED MOTION TO EXTEND ADMINISTRATIVE RECORD BRIEFING SCHEDULE** |
| Defendants. | |

**Motion**

Plaintiff Northwest Environmental Advocates ("NWEA") respectfully moves this Court to extend the current briefing schedule for motions related to Defendants United States National Marine Fisheries Service ("NMFS"), Jennifer Quan, in her official capacity as NMFS Regional Administrator for the West Coast Region, United States Environmental Protection Agency ("EPA"), and Michael Regan, in his official capacity as EPA Administrator (collectively, "Defendants") administrative records set forth in this Court's Order, ECF No. 60.

In accordance with Local Rule 7-1, NWEA certifies that Defendants and NWEA (together, "the Parties") conferred prior to filing this motion, and Defendants do not oppose this motion.

**Memorandum in Support of Motion**

Plaintiff respectfully seeks an extension of the deadlines set forth in this Court's July 26, 2024 Order, ECF No. 60, as outlined in the chart below.

As detailed in several filings, *see* ECF Nos. 53, 55, 57, 59, the Parties have been working diligently for many months to resolve issues pertaining to the sufficiency of the federal agencies' administrative records and the scope of judicial review in this case. The Parties explained that by June 17, 2024, the Parties had determined that they were unlikely to reach an agreement regarding the scope of review for NWEA's Claim Two, which is the claim against Defendant EPA. ECF No. 57 at 1. However, the Parties remained hopeful that they could resolve the issues pertaining to the sufficiency of the administrative record for Claim One, which is the claim against Defendant NMFS. *Id.*

To that end, the Parties have exchanged numerous, detailed, written communications and have had countless telephone conversations through counsel and sometimes including party

1  UNOPPOSED MOTION TO EXTEND ADMINISTRATIVE RECORD BRIEFING SCHEDULE

representatives. That process has resulted in the Parties making substantial progress in resolving many disputes about the NMFS record, with both sides making some concessions along the way.

Because of this substantial progress, at the time the Parties filed their last motion for an extension of time on July 25, 2024, ECF No. 59, NWEA believed the Parties were very likely to reach an agreement on the outstanding issues pertaining to NMFS's administrative record, and that therefore, NWEA would be able to limit the scope of its forthcoming motion to questions about the scope of review for its claim against EPA. LaPlante Decl. at ¶¶ 8–9. Unfortunately, NWEA learned Monday afternoon, July 29, 2024, that the Parties were not able to reach an agreement pertaining to the entirety of NMFS's administrative record, and therefore, the scope of the motion Plaintiff must file is broader and more technical than anticipated. *Id.* Because of this, NWEA needs additional time to file its record motion, thus pushing subsequent deadlines for both Defendants' response and NWEA's reply. *Id.* at ¶ 9.

Additionally, as explained in the Parties' previous joint motion, ECF No. 59, NWEA's lead counsel, Allison LaPlante, still has a hard cast on her hand after breaking it and having surgery. *See* LaPlante Decl. at ¶¶ 3–7. This injury has greatly affected Ms. LaPlante's ability to prepare NWEA's record motion, and the additional time sought will help to accommodate, at least in part, this temporary disability. Because of Ms. LaPlante's decades' long experience with the issues underlying this case, her participation in any filings is critical. Moreover, NWEA's Executive Director and lead client, Nina Bell, is out of town this week dealing with affairs brought on by her mother's recent death, and thus will have a limited ability to assist counsel with key questions pertaining to NWEA's upcoming motion. *See* Bell Decl. at ¶¶ 3–4; LaPlante Decl. at ¶ 10.

Even though NWEA's record motion will need to be more extensive than originally thought, the Parties will continue to confer, endeavoring to narrow the issues ultimately presented to this Court in the forthcoming record motions.

After conferral with Defendants, Plaintiff proposes the following modified schedule:

| Action | Court Order Deadline (ECF No. 60) | Proposed New Deadline |
|---|---|---|
| NWEA to file its record motion. | August 2, 2024 | September 6, 2024 |
| Defendants to file their response brief. | August 30, 2024 | October 4, 2024 |
| NWEA to file its reply brief. | September 27, 2024 | October 25, 2024 |

## <u>Conclusion</u>

For the foregoing reasons, NWEA respectfully requests that the Court modify the current briefing schedule for motions related to the administrative records, ECF No. 60, as set forth above.

Dated this 1st day of August, 2024.

<u>/s/ Lydia Dexter</u>
LYDIA DEXTER, OSB No. 233151
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6830
lydiadexter@lclark.edu

*Attorney for Plaintiff*
*Northwest Environmental Advocates*

3   UNOPPOSED MOTION TO EXTEND ADMINISTRATIVE RECORD BRIEFING
    SCHEDULE