ALLISON LAPLANTE, OSB No. 023614
Attorney at Law
333 NE Russell St. #200
Portland, OR 97212
(503) 351-1326, allison.laplante@gmail.com

LYDIA DEXTER, OSB No. 233151
Earthrise Law Center, Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
(503) 768-6830, lydiadexter@lclark.edu

BRYAN TELEGIN, OSB No. 105253
Telegin Law
175 Parfitt Ave., SW Suite N270
Bainbridge Island, WA 98110
(206) 453-2884, Ext. 101, bryan@teleginlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit organization, | Case No. 3:21-cv-01591-HZ |
| Plaintiff, | |
| v. | |
| UNITED STATES NATIONAL MARINE FISHERIES SERVICE, a United States Government Agency, JENNIFER QUAN, in her official capacity as NMFS Regional Administrator for the West Coast Region, THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency, and MICHAEL REGAN, in his official capacity as EPA Administrator, | **DECLARATION OF ALLISON LAPLANTE** |
| Defendants. | |

I, ALLISON LAPLANTE, hereby declare as follows:

1.      I have personal knowledge of the matters set forth in this declaration. I submit this declaration in support of Plaintiff Northwest Environmental Advocates' ("NWEA") motion for extension of time.

2.      I am the lead attorney on behalf of NWEA in this pending action. I have been representing NWEA on issues pertaining to Oregon's temperature water quality standards for nearly two decades. *See, e.g., Nw. Env't Advocs. v. U.S. Env't Prot. Agency*, No. 3:05-cv-01876-AC; *Nw. Env't Advocs. v. U.S. Env't Prot. Agency*, No. 3:12-cv-01751-HZ.

3.      On June 21, 2024, I fell and broke my right hand badly. I fractured my hand in three places. After consulting with orthopedic specialists, it was determined that I needed to have surgery. I am right-handed.

4.      On July 1, 2024, I underwent surgery on my hand, during which two pins were placed in the middle of my hand.

5.      I have been in a series of hard casts, completely immobilizing my right hand, since June 22, 2024. I have had no use of my right hand since the injury.

6.      On the afternoon of August 2, 2024, I am scheduled to have the pins in my hand removed. I am told that I will be in another cast after that, and possibly will have some use of my hand at that point. I will not know, however, until that appointment with my surgeon.

7.      In light of my temporary disability, I have been unable to type on a keyboard. This has made it extremely difficult for me to do any substantial legal work. While I have been able to participate in phone calls and provide edits to certain communications in this case during that time, written communications have primarily been authored by my co-

1   DECLARATION OF ALLISON LAPLANTE

counsel, Lydia Dexter. Additionally, any edits or writing I have done takes me substantially longer than it would if I had use of my right hand.

8. When we filed a joint motion with Defendants on July 25, 2024, *see* ECF No. 59, requesting a one-week extension of time, I did not suggest seeking more time than that because I believed that the Parties were likely to resolve all remaining disputes about the National Marine Fisheries Service ("NMFS") administrative record. Unfortunately, on Monday, July 29, 2024, after several calls between counsel for Defendants, Briena Strippoli, and me, the Parties concluded that they would not be able to resolve all remaining issues without the Court's assistance.

9. NWEA has been hopeful that the motion we would be filing with the Court would be limited to issues pertaining to the scope of judicial review for its claim against the Environmental Protection Agency ("EPA"). The working draft of NWEA's brief is focused solely on that issue. In light of the fact that negotiations have very recently proven unsuccessful on certain issues pertaining to NMFS's administrative record, Plaintiff needs to add an entirely new section to its brief in order to address and provide context for the disputes regarding NMFS's administrative record. Given my limitations, this is difficult to accomplish in just a few days.

10. Moreover, at the time we filed the July 25th joint motion for a one-week extension, I did not know that NWEA's Executive Director and our client contact, Nina Bell, would be unavailable most of this week. While I was generally aware of the situation Ms. Bell has been facing following her mother's passing, I was unaware of her particular schedule until Monday, July 29th.

2 DECLARATION OF ALLISON LAPLANTE

11.     Additionally, I have long-standing plans to take an international vacation with my family beginning on August 4, 2024.

12.     Because I am the lead counsel in this case, because of previously-planned travel, because of my temporary disability, because of my client's unavailability this week, and because the nature of NWEA's motion has now changed, Plaintiff is reluctantly asking for an additional several weeks to complete its briefing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 1st day of August, 2024.

/s/ Allison LaPlante