IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST ENVIRONMENTAL
ADVOCATES, a non-profit organization,

        Plaintiff,

       v.

UNITED STATES NATIONAL MARINE
FISHIERIES SERVICE, a United States
Government Agency; JENNIFER QUAN, in
her official capacity as NMFS Regional
Administrator for the West Coast Region;
THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, a United States
Government Agency; and MICHAEL REGAN,
in his official capacity as EPA Administrator,

        Defendants.

Case No. 3:21-cv-01591-AB

ORDER

**BAGGIO, District Judge:**

Relevant to this Order is Plaintiff Northwest Environmental Advocates' ("NWEA")

claims against Defendants the United States Environmental Protection Agency ("EPA") and

Michael Regan, in his official capacity as the EPA Administrator, under the Endangered Species

1 – ORDER

Act ("ESA"), 16 U.S.C. § 1536(a)(2).[1] Specifically, Plaintiff challenges Defendant EPA's reliance on a 2015 Biological Opinion from Defendant National Marine Fisheries Service to comply with Defendant EPA's ESA obligations in its approval of Oregon's water quality criteria for temperature. Previously, the Court found that the scope of the record on Plaintiff's ESA claim was not limited to the administrative record. *See* Op. & Order, ECF No. 71. Now, the Parties dispute whether discovery is appropriate as to Plaintiff's ESA claim against Defendant EPA.

The Court finds that Plaintiff's limited expert discovery is appropriate in this case.[2] As the Court concluded previously, "it may consider evidence outside the administrative record for the limited purpose of reviewing Plaintiff's claim that Defendant EPA failed to fulfill its obligations under Section 7 of the ESA." Op. & Order 17, ECF No. 71. Courts routinely consider evidence from experts in ESA cases. *See W. Watersheds Proj. v. Kraayenbrink*, 632 F.3d 472, 497–98 (9th Cir. 2011) (considering extra-record expert declarations submitted to the district court); *Or. Nat. Desert Ass'n v. Tidwell*, 716 F. Supp. 2d 982, 987–88 (D. Or. 2010) (granting the plaintiffs' and intervenors' requests to consider expert evidence in reviewing claims brought under §§ 7 and 9 of the ESA); *Or. Nat. Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1213, 1215–16 (D. Or. 2008) (granting the plaintiff's request to submit expert evidence in support of its ESA claims); *Conserv. Congress v. Finley*, No. C. 11-04752 SC (LB), 2012 WL 1564946 at *1, *5 (N.D. Cal. May 2, 2012) (denying the defendant's request to bar discovery as the plaintiff's ESA

---

[1] The Court refers to Defendants EPA and Michael Regan as "Defendant EPA" here.

[2] The Joint Status Report suggests that experts will be limited to three per side. *See* Joint Status Rep't 11, ECF No. 72. The Court will therefore presume experts will be limited as such. In light of the age of the case and the need to move the case forward as expeditiously as possible, the Parties must seek leave of Court if they believe additional experts are needed.

2 – ORDER

citizen-suit claims were not subject the administrative-record limitation in the APA). And Plaintiff seeks only expert discovery here.

Defendant EPA objects to Plaintiff's proposed discovery for essentially two reasons. First, Defendant EPA repeats its arguments that the administrative record is adequate for the Court's review of Plaintiff's ESA claim. *See* Joint Status Rep't 9, 12, ECF No. 72. The Court declines to reconsider its determination that the scope of the record is not limited to the administrative record on this claim. Second, Defendant EPA argues that the proposed discovery is irrelevant and challenges the merits of Plaintiff's claim. *See id.* at 11. To the extent that Defendant EPA wishes to bring a *Daubert* or other evidentiary challenge against Plaintiff's experts, *see id.* at 4, it can do so by filing a motion to strike along with its summary judgment briefing so that the Court has the benefit of full briefing on the merits of Plaintiff's claims in considering the challenged evidence.

The Court will adopt Plaintiff's proposed case schedule, *see* Joint Stat. Rep't 8, setting the first deadline for expert disclosures 60 days following the issuance of this Order. In light of this discovery schedule, the Parties shall confer and propose a case schedule for the remaining deadlines in this case, including motions for summary judgment, Plaintiff's motion to supplement the administrative record, and any motions to strike. In formulating the proposed case schedule, the Parties shall be cognizant of the significant age of this case, the lengthy stays and extensions that have already been granted, and the Court's preference to expeditiously resolve civil matters. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings . . . and should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

3 – ORDER

**CONCLUSION**

The Court finds that limited discovery is appropriate in this matter.  Expert disclosures and reports are due June 30, 2025. Expert rebuttal reports are due August 29, 2025. Expert depositions, if any, shall be completed by October 28, 2025. The deadline for all expert discovery is November 26, 2025. The Parties' joint proposed case schedule is due within 30 days of this Order.

IT IS SO ORDERED.

DATED this __30th__ day of April, 2025.

_Amy M. Baggio_

AMY M. BAGGIO
United States District Judge

4 – ORDER